IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 13-00326 SOM |
| | ) | Civ. No. 15-00496 SOM/BMK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING AS UNTIMELY |
| | ) | PETITION TO VACATE, SET ASIDE, |
| AMAN BERHANE, | ) | OR CORRECT SENTENCE UNDER 28 |
| | ) | U.S.C. § 2255; ORDER DENYING |
| Defendant. | ) | MOTION SEEKING EQUITABLE |
| _____ | ) | TOLLING; ORDER DECLINING TO |
| | | ISSUE A CERTIFICATE OF |
| | | APPEALABILITY |

**ORDER DISMISSING AS UNTIMELY PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255; ORDER DENYING MOTION SEEKING EQUITABLE TOLLING; ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. However, a federal prisoner must file a § 2255 petition within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). For purposes of a § 2255 petition, a judgment becomes final and the limitations period begins to run "upon the expiration of the time during which [he or] she could have sought review by direct appeal." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).

When, as here, a defendant does not timely appeal his or her judgment of conviction, the judgment becomes final 14 days after the entry of judgment.  Berhane's filing of an untimely Notice of Appeal does not extend this period.  See Johnson v. United States, 2012 WL 171379, *3-*4 (6th Cir. Jan. 23, 2012) (for purposes of § 2255(f)(1), limitation period began to run at the expiration of the time to appeal when no appeal was taken; untimely notice of appeal did not restart the running of the limitation period); United States v. Colvin, 204 F.3d 1221, 1222 (9th Cir. 2000) ("a judgment becomes final when the time has passed for appealing the district court's entry of the judgment"); Hernandez-Jasso v. United States, 2014 WL 1783956, *1 (E.D. Tenn. May 5, 2014) (for purposes of § 2255(f)(1), the "fact that petitioner filed an untimely notice of appeal . . . , has no impact on the date his conviction became final"); Fed. R. App. P. 4(b)(1)(A) (criminal defendant's notice of appeal must be filed in district court within 14 days of entry of judgment).  See also Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); United States v. Gardner, 2003 WL 21146727, *5 (W.D. Pa. March 12, 2003) ("conviction therefore became 'final' . . . when the 10-day

period for taking a direct appeal under Fed.R.App.P. 4(b)(1)(A)(I) expired") (decided under old rule).

The Judgment in Defendant Aman Berhane's underlying criminal case was entered on May 29, 2014.  See  ECF No. 48. Berhane placed his Notice of Appeal in the mail on or about May 27, 2015, nearly one year after the entry of judgment.  See Noble v. Adams, 676 F.3d 1180, 1182 (9th Cir. 2012) (quoting Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003)) (under the "prison mailbox rule," "a pro se prisoner's filing of a . . . habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court").

On October 21, 2015, the Ninth Circuit denied Berhane's request to proceed IFP because it found the appeal frivolous.  It gave him 21 days to pay the filing fee.  ECF No. 64.  On November 20, 2015, the Ninth Circuit issued its order dismissing the appeal given Berhane's failure to pay the filing fee.  ECF No. 65.

On November 27, 2015, Berhane filed the present 2255 motion (the postmark reads November 23, 2015).  ECF No. 66-1, PageID # 293.

On December 1, 2015, the court issued an Order to Show Cause Why Action under 28 U.S.C. § 2255 Should Not Be Dismissed as Untimely.  See ECF No. 67.

On December 21, 2015, Berhane responded to the Order to Show Cause by filing a motion seeking equitable tolling of the limitation period. See ECF No. 68. The Ninth Circuit has recognized equitable tolling with respect to the limitation period for filing motions under § 2255. See United States v. Castro-Verdugo, 750 F.3d 1065, 1071 (9th Cir. 2014) ("after the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling by showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (quotation marks and citations omitted)); United States v. Aguirre-Ganceda, 592 F.3d 1043, 1046 (9th Cir. 2010) ("Even though Aguirre's section 2255 motion was untimely, we may toll the one-year limitation period if (1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist."). "[T]he threshold necessary to trigger equitable tolling . . . is very high." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006).

Berhane fails to show entitlement to equitable tolling. Berhane argues that the limitation period should be tolled because of a lack of diversity of citizenship. But diversity of citizenship is inapplicable cases under § 2255. See 28 U.S.C. § 1332. Given the inapplicability of Berhane's diversity of

4

citizenship argument, and given the court's inability to glean any other reason for equitable tolling from Berhane's submission, the court determines that the one-year period for filing a § 2255 motion has run.  In so ruling, the court declines to hold an evidentiary hearing on the matter, as Berhane submits nothing even hinting that any evidence might entitle him to relief.

Notwithstanding his 2015 Notice of Appeal, Berhane's Judgment became final in June 2014, when he failed to file a timely appeal to the Ninth Circuit.  See Johnson, 2012 WL 171379, at *3-*4; Colvin, 204 F.3d at 1222.  The one-year limitation period therefore began to run in June 2014.  Because Berhane did not file the present § 2255 motion within one year of when his judgment became final, and because he failed to demonstrate that the period should be equitably tolled, his § 2255 motion is untimely.  The court therefore dismisses Berhane's § 2255 motion and denies his motion seeking equitable tolling.

The court declines to issue Berhane a certificate of appealability.  No reasonable jurist would find it debatable as to whether Berhane's motion is untimely.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 28, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

U.S. v. Berhane, Crim. No. 13-0326 SOM; Civ. No. 15-00496 SOM/BMK; ORDER DISMISSING AS UNTIMELY PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255; ORDER DENYING MOTION SEEKING EQUITABLE TOLLING; ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY