IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 13-00326 SOM |
| | ) | Civ. No. 15-00496 SOM/BMK |
| Plaintiff, | ) | |
| | ) | ORDER DETERMINING THAT PETITION |
| vs. | ) | TO VACATE, SET ASIDE, OR |
| | ) | CORRECT SENTENCE UNDER 28 |
| AMAN BERHANE, | ) | U.S.C. § 2255 IS UNTIMELY AND |
| | ) | DISMISSING PETITION; ORDER |
| Defendant. | ) | DENYING MOTION SEEKING |
| _____ | ) | EQUITABLE TOLLING; ORDER |
| | | DECLINING TO ISSUE A |
| | | CERTIFICATE OF APPEALABILITY |

**ORDER DETERMINING THAT PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 IS UNTIMELY AND DISMISSING PETITION; ORDER DENYING MOTION SEEKING EQUITABLE TOLLING; ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I.      INTRODUCTION.**

Defendant Aman Berhane filed a motion under 28 U.S.C. § 2255.  Because that motion is untimely, and because the court denies Berhane's motion seeking equitable tolling of the limitation period, the § 2255 motion is dismissed.  The court declines to issue a certificate of appealability and orders the Clerk of Court to enter judgment and close this matter.

**II.     BACKGROUND FACTS.**

On April 3, 2013, Berhane was indicted for drug and firearm crimes.  See Indictment, ECF No. 9.

On May 23, 2013, Berhane consented in writing to a Rule 11 plea in a felony case before a United States Magistrate Judge.  See ECF No. 24.  Both Berhane and his attorney signed that document, which stated, "I have been advised by my attorney and

the United States Magistrate Judge of my right to enter my plea in this case before a United States District Judge." Id. Berhane then pled guilty with respect to Counts 1, 2, 3, and 4 of the Indictment before Magistrate Judge Barry M. Kurren. See ECF No. 22. At that hearing, Magistrate Judge Kurren advised Berhane, "[I]f you choose to enter a guilty plea you, of course, have the right to enter your plea before the District Judge who is assigned to your case and in your case it is Judge Mollway. If you consent, however, you  may enter your plea before me, a Magistrate Judge." ECF No. 63, PageID # 252-53. Magistrate Judge Kurren issued a Report and Recommendation concerning Berhane's guilty plea, which this district judge accepted. This judge then determined that Berhane was guilty of those offenses. See ECF Nos. 23 and 26.

Berhane was sentenced to concurrent 240-month terms of imprisonment for each of the drug crimes and a 120-month term of imprisonment for being a felon in possession of a firearm, and the judgment was entered on May 29, 2014. See  ECF No. 48.

On April 23, 2015, the court received a Motion to Withdraw and Nullify Guilty plea dated April 18, 2015. See ECF No. 51. This motion complained that Berhane had not been advised of his right to have a district judge conduct the change of plea hearing, and that the Magistrate Judge was not allowed to accept his guilty plea. Id. As noted above, however, Berhane was

2

advised of his right to enter his change of plea before a district judge.  Additionally, the Magistrate Judge did not accept his guilty plea, instead issuing a Report and Recommendation, which this district judge adopted, adjudging Berhane guilty.

On April 23, 2015, the court ordered Berhane to clarify whether he intended his Motion to Withdraw and Nullify Guilty Plea to be a § 2255 motion, warning him of the one-year limitation period and of the one § 2255 motion limit absent permission from the Ninth Circuit Court of Appeals.  See ECF No. 52.

On May 11, 2015, Berhane clarified that he did not want his filing of April 23, 2013, to be construed as a § 2255 motion. See ECF No. 53, PageID # 195 ("The defendant further contends that his April 23, 2015 filing is not intended, nor can it be construed as a petition filed pursuant to 28 U.S.C. § 2255.").

On May 12, 2015, the court denied Berhane's Motion to Withdraw and Nullify Guilty Plea.  See ECF No. 55.  In that order, the court stated, "If Berhane opts to proceed under § 2255 after all, he must so notify the court.  Otherwise, this court will consider this matter concluded."  Id.

On June 1, 2015, not having notified this court of any intent to have his filing of April 23, 2015, construed as a § 2255 motion, Berhane filed a Notice of Appeal from the court's

3

order of May 12, 2015.  See ECF No. 56.  Berhane placed his Notice of Appeal in the mail on or about May 27, 2015, which was nearly one year after the entry of the judgment in his criminal case.  Id.

On October 21, 2015, the Ninth Circuit denied Berhane's request for in forma pauperis status because it found the appeal frivolous.  It gave him 21 days to pay the filing fee.  ECF No. 64.  On November 20, 2015, the Ninth Circuit issued its order dismissing the appeal given Berhane's failure to pay the filing fee.  ECF No. 65.

On November 27, 2015, Berhane filed the present § 2255 motion (the postmark reads November 23, 2015).  ECF No. 66-1, PageID # 293.

On December 1, 2015, the court issued an Order to Show Cause Why Action under 28 U.S.C. § 2255 Should Not Be Dismissed as Untimely.  See ECF No. 67.

On December 21, 2015, Berhane responded to the Order to Show Cause by filing a motion seeking equitable tolling of the limitation period.  See ECF No. 68.

**III.    APPLICABLE LAW.**

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the

4

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255.  However, a federal prisoner must file a § 2255 petition within one year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  For purposes of a § 2255 petition, a judgment becomes final and the limitations period begins to run "upon the expiration of the time during which [he or] she could have sought review by direct appeal." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).

When, as in this case, a defendant does not timely appeal his or her judgment of conviction, the judgment becomes final 14 days after the entry of judgment.  United States v. Colvin, 204 F.3d 1221, 1222 (9th Cir. 2000) ("a judgment becomes final when the time has passed for appealing the district court's entry of the judgment"); Fed. R. App. P. 4(b)(1)(A) (criminal defendant's notice of appeal must be filed in district court within 14 days of entry of judgment).  See also Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); United States v. Gardner, 2003 WL 21146727, *5 (W.D. Pa. March 12, 2003) ("conviction therefore became 'final' . . . when the 10-day period for taking a direct

appeal under Fed.R.App.P. 4(b)(1)(A)(I) expired") (decided under old rule).

## IV.      BERHANE'S § MOTION IS UNTIMELY.

The judgment in Berhane's underlying criminal case was entered on May 29, 2014.  <u>See</u>  ECF No. 48.  Berhane placed his § 2255 motion in the prison mail system on or about November 23, 2015, more than one year after the entry of judgment.  <u>See</u> <u>Noble v. Adams</u>, 676 F.3d 1180, 1182 (9th Cir. 2012) (quoting <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th Cir. 2003)) (under the "prison mailbox rule," "a pro se prisoner's filing of a . . . habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court").  On December 1, 2015, the court issued an Order to Show Cause Why Action under 28 U.S.C. § 2255 Should Not Be Dismissed as Untimely under § 2255(f)(1), which sets forth a one-year limitation period for filing motions under § 2255.  <u>See</u> ECF No. 67.

On December 21, 2015, Berhane responded to the Order to Show Cause by filing a motion seeking equitable tolling of the limitation period.  <u>See</u> ECF No. 68.  The Ninth Circuit has recognized equitable tolling with respect to the limitation period for filing motions under § 2255.  <u>See</u> <u>United States v. Castro-Verdugo</u>, 750 F.3d 1065, 1071 (9th Cir. 2014) ("after the one-year statute of limitations has passed, we may consider a

§ 2255 motion to vacate, set aside, or correct a sentence only if
the petitioner establishes eligibility for equitable tolling by
showing (1) that he has been pursuing his rights diligently, and
(2) that some extraordinary circumstance stood in his way and
prevented timely filing." (quotation marks and citations
omitted)); United States v. Aguirre-Ganceda, 592 F.3d 1043, 1046
(9th Cir. 2010) ("Even though Aguirre's section 2255 motion was
untimely, we may toll the one-year limitation period if (1) the
petitioner has diligently pursued his rights, and
(2) extraordinary circumstances exist."). "[T]he threshold
necessary to trigger equitable tolling . . . is very high."
Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006).

Berhane fails to show entitlement to equitable tolling
and his § 2255 motion is therefore time-barred.  Berhane argues
that the limitation period should be tolled because of a lack of
diversity of citizenship.  But diversity of citizenship is
inapplicable to cases under § 2255.  See 28 U.S.C. § 1332.  Given
the inapplicability of Berhane's diversity of citizenship
argument, and given the court's inability to glean any other
reason for equitable tolling from Berhane's submission, the court
determines that the one-year period for filing a § 2255 motion
has run.

The court notes that Berhane has failed to allege or
even to hint at evidence of actual innocence that equitably tolls

the one-year limitation period.  See United States v. Chapman, 220 F. App'x 827, 830 (10ᵗʰ Cir. 2007) ("It is true that a claim of actual innocence may equitably toll the one-year statute of limitations set forth in 28 U.S.C. § 2255.").  At most, his motion argues that he "was convicted of a non-existing offence, thus [he is] actually innocent."  See ECF No. 66, PageID # 291. But at his change of plea hearing, the Government summarized the crimes charged in the indictment and the facts supporting the charges.  See ECF No. 63, PageID # 262-67.  Berhane agreed that those facts were true in every respect.  Id., PageID # 267.  He then summarized what he had done, stating, for example, "I received a package that contained methamphetamine with the intent to distribute."  Id.  Berhane's general reference to being innocent, without more, is insufficient to overcome his own admission to conduct that clearly constitutes a crime.

    In ruling that Berhane has failed to demonstrate that equitable tolling applies, the court declines to hold an evidentiary hearing, as Berhane submits no allegation that might entitle him to relief.  See Laws v. Lamarque, 351 F.3d 919, 919 (9ᵗʰ Cir. 2003) (defendant is entitled to an evidentiary hearing when he or she makes "a good-faith allegation that would, if true, entitle him to equitable tolling" of the one-year period set forth in § 2255(f)(1)" (quotation marks and citation omitted)).

Under the circumstances presented here, Berhane fails to establish circumstances beyond his control that made it impossible for him to file his motion on time. See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006). This court warned Berhane when it received his motion of April 23, 2015, about the one-year limitation period and of the limit to a single § 2255 motion. See ECF No. 52. The court asked Berhane if he wanted that earlier filing to be construed as a § 2255 motion. Id. Berhane was adamant that he did not. See ECF No. 53. When the court denied the motion of April 23, 2015, it again invited him to notify the court if he wanted it construed as a § 2255 motion. See ECF No. 55. Instead of saying that he did, he appealed. Berhane did not argue that he believed the filing of his motion on April 23, 2015, and his ensuing appeal tolled the limitation period. Additionally, the baseless collateral relief motion and appeal, which the Ninth Circuit said was frivolous, by themselves, did not automatically toll the running of the limitation period. See, e.g., United States v. Redd, 562 F.3d 309, 312 (5th Cir. 2009) (collateral relief motion brought under Rule 33 for new trial and filed more than 14 days after entry of judgment did not toll the § 2255(f)(1) limitation period).

Even if Berhane's 2015 Notice of Appeal could be construed as an appeal from his criminal judgment rather than from this court's post-judgment order filed on May 12, 2015,

Berhane's criminal judgment became final in June 2014, when he failed to file a timely appeal to the Ninth Circuit.  See Johnson v. United States, 2012 WL 171379, *3-*4 (6th Cir. Jan. 23, 2012) (for purposes of § 2255(f)(1), limitation period began to run at the expiration of the time to appeal when no appeal was taken; untimely notice of appeal did not restart the running of the limitation period).  His 2015 motion and appeal in no way extended that deadline even if they could be said to have challenged the 2014 criminal judgment.  See Hernandez-Jasso v. United States, 2014 WL 1783956, *1 (E.D. Tenn. May 5, 2014) (for purposes of § 2255(f)(1), the "fact that petitioner filed an untimely notice of appeal . . . , has no impact on the date his conviction became final").

## V.        CONCLUSION.

The one-year limitation period began to run in June 2014, when Berhane's criminal judgment became final for purposes of § 2255(f)(1).  Because Berhane did not file the present § 2255 motion within one year of when his criminal judgment became final, and because he has failed to demonstrate that the period should be equitably tolled, his § 2255 motion is untimely.  The court therefore dismisses Berhane's § 2255 motion and denies his motion seeking equitable tolling.

The court declines to issue Berhane a certificate of appealability.  No reasonable jurist would find debatable the

untimeliness of Berhane's motion filed on November 27, 2015.

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, December 29, 2015.



         /s/ Susan Oki Mollway
         Susan Oki Mollway
         United States District Judge

<u>U.S. v. Berhane</u>, Crim. No. 13-0326 SOM; Civ. No. 15-00496 SOM/BMK; ORDER DETERMINING THAT PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 IS UNTIMELY AND DISMISSING PETITION; ORDER DENYING MOTION SEEKING EQUITABLE TOLLING; ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY